IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CYNTHIA JACKSON                                                                    PLAINTIFF

vs.                                                            CIVIL ACTION NO. 2:11cv0177-SAA

COMMISSIONER OF SOCIAL SECURITY                                                    DEFENDANT

**MEMORANDUM OPINION**

  This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Cynthia Jackson for a period of disability ("POD") and disability insurance benefits ("DIB") under Section 216(I) and 223 of the Social Security Act and for supplemental security income payments ("SSI") under Section 1614(a)(3) of the Act. Plaintiff filed applications for SSI, DIB and POD on June 12, 2008, alleging disability beginning March 1, 2006. Docket 8, p. 125-134. Her claim was denied initially and on reconsideration. *Id.* at 72-75. She filed a written request for hearing and was represented by counsel at the hearing held on September 2, 2010. *Id.* at 40-71. The Administrative Law Judge (ALJ) issued an unfavorable decision on September 22, 2010 (*Id.* at 16-32), and the Appeals Council denied plaintiff's request for a review on July 12, 2011. *Id.* at 5-9. Plaintiff timely filed the instant appeal from the decision, and it is now ripe for review. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

# I. FACTS

Plaintiff was born on April 1, 1955 and was fifty-five years old at the time of the ALJ's decision. Docket 8, p. 141. She has completed the twelfth grade was previously employed as a baker helper/bakery technician and as a cashier/checker. *Id.* at 64, 66. Plaintiff contends that she became disabled before her application for SSI, DIB and POD due to Graves disease, neck, back and hip pain, back surgeries, arthritis, and nerve damage. *Id.* at 154. The ALJ rejected her claims of disability, concluding that even though the plaintiff had severe impairments, she could perform her past relevant work and, consequently, was not disabled. However, on a subsequent application for disability benefits the Commissioner later found that the plaintiff was disabled beginning September 23, 2010 – the day after the ALJ's decision.

Plaintiff alleges the ALJ erred when he:

1. Did not fully develop the record and should have ordered a current consultative examination as requested by plaintiff;

2. Did not properly credit plaintiff's testimony concerning her activities of daily living and symptoms;

3. Declined to afford lay opinions proper consideration; and

4. Did not follow Social Security Rule 82-62 in reaching his conclusion that plaintiff could return to her previous work.

Plaintiff also alleges that the Appeals Council did not properly investigate and consider the fact that plaintiff was found disabled in a later application. Docket 17.

# II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step

sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir.

---

[8]*Muse*, 925 F.2d at 789.

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff argues that the ALJ's decision was not supported by the record as a whole because the ALJ "cherry-picked" the evidence that would support his decision. Docket 17, p. 7-9. The record evidence includes reports from three consultative examiners, Drs. Galyon, Lenard and Siegal. Dr. Galyon performed a consultative exam in 2006 and both Drs. Lenard and Siegal peformed their consultative exams in 2008. A state agency psychologist provided a Psychiatric Review Technique Form on September 23, 2008 and the records from plaintiff's treating physicians, Drs. Sorensen and Murrell are dated 2004-2005. In other words, the most recent opinions as to plaintiff's physical and mental condition were two years old at the time of the ALJ's hearing, and more strikingly, the records from plaintiff's treating physicians were five years old. Plaintiff requested at the hearing that the ALJ obtain a more recent consultative exam, but the ALJ declined to rule on this request. Instead, the ALJ chose to rely upon the opinions of Drs. Leonard and Siegel without obtaining any additional evidence from her treating physicians or further clarification of the opinions of Dr. Galyon.

The responsibility to determine the plaintiff's residual functional capacity belongs to the ALJ, *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995), and in making this determination he must consider all the evidence in the record, evaluate the medical opinions in light of other information contained in the record, and determine the plaintiff's ability despite her physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). However, the ALJ may not establish physical limitations or lack of such limitations without medical proof to support that conclusion. *Patterson v. Astrue*, 2008 WL 5104746, *4 (N.D. Miss. 2008), citing *Nguyen v.*

5

*Chater*, 172 F.3d 31, 35 (1st Cir. 1999). "The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law or judging matters entrusted to experts." *Nyugen v. Chater*, 172 F.3d at 35. "[T]he ALJ must consider all the record evidence and cannot "pick and choose" only the evidence that supports his position." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

Based upon a review of the record in its entirety, the undersigned is of the opinion that the ALJ did in fact "cherry-pick" the evidence necessary to support his RFC. He completely dismissed the opinion of Dr. Galyon, ostensibly because it was based on plaintiff's subjective complaints only[11] and because it was inconsistent with Dr. Siegel's conclusions. Docket 8, p. 22. He afforded Dr. Siegel's opinions significant weight even though his "assessment appears somewhat in excess of the record evidence." *Id.* at 23. Further, the ALJ completely disregarded the plaintiff's testimony and reports submitted by three individuals who knew her because they were inconsistent with his own RFC and Dr. Siegel's opinion. Because the ALJ failed to properly consider voluminous evidence in the record supporting plaintiff's claimed limitations and instead utilized the "pick and choose" method to obtain the very limited evidence which supported his position, and because he elected not to obtain further medical evidence from either plaintiff's treating physicians or via a new consultative examination, the undersigned finds that the ALJ did not satisfy his affirmative duty to "ensure that his decision is an informed decision based upon sufficient facts." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). The ALJ's decision was not supported by substantial evidence and should be remanded for a proper analysis

---

[11]This description is patently incorrect.

of plaintiff's limitations based upon the record, including a new consultative examination if necessary.

## IV.  PLAINTIFF'S REMAINING ARGUMENTS

This action will be remanded to the ALJ for further development of the record and clarification of plaintiff's physical limitations in order to properly question a VE and reach an RFC and opinion as to plaintiff's ability to perform her past work based upon the facts of the record.  Because the court is remanding for further consideration of these issues, the court need not address the merits of the plaintiff's remaining arguments at this time.

## V.  CONCLUSION

A final judgment in accordance with this memorandum opinion will issue this day.

This, the 20th of April, 2012.

   /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE